UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| TOMAS HODNETT | * | CIVIL ACTION NO. 09-1256 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| SMURFIT-STONE CONTAINER ENTERPRISES, INC., ET AL. | * | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a composite motion to quash, for a protective order, and for expedited consideration [doc. # 38] filed by defendants, Smurfit-Stone Container Enterprises, Inc., Glen Barnes, and Gary Mosley.[1] For reasons stated below, the motion for expedited consideration is **GRANTED**, but the motion to quash and for a protective order is **DENIED**.

## Discussion

On July 28, 2009, plaintiff Tomas Hodnett filed the instant civil rights action pursuant to 42 U.S.C. § 1981 against his employer, Smurfit-Stone Container Enterprises, Inc. ("Smurfit-Stone"); its Human Resources Director, Glen Barnes; his supervisor, Garry Mosley; and Union Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union on Behalf of Local 1505 ("the Union"). He alleges that while employed at Smurfit-Stone, he was subjected to a racially hostile work environment, retaliation, and

---

[1] As this motion is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and LR 74.1(W).

demotion.

Between August 17 and August 20, 2010, plaintiff issued subpoenas to nonparties, Raytheon Company; Textron, Inc.; MasterBrand Cabinets, Inc.; and Philips Emergency Lighting, LLC, requiring them to produce, on or before September 7 and 9, 2010, certain documents relating to defendant, Glen Barnes' employment records with these companies, as well as all employment-related lawsuits filed against the nonparty deponents. *See* Subpoenas, M/Quash, Exhs. A-E. On August 31, 2010, defendants, Smurfit-Stone Container Enterprises, Inc.; Glen Barnes; and Garry Mosley, filed the instant motion to quash, for a protective order, and for expedited consideration on the grounds that 1) plaintiff purportedly did not provide defendants with prior notice of the subpoenas; 2) the subpoenas were not served within the district of the issuing court or within 100 miles of the place specified for production; and 3) the subpoenas seek privileged and confidential information that is irrelevant to the issues involved in this lawsuit.

Because of the impending deadline to comply with the subpoenas, defendants' motion to for expedited consideration is hereby **GRANTED**. It is apparent, however, that plaintiff issued the subpoenas in the respective districts where the non-parties are located, and included thereon (beneath the caption of the issuing court) the caption from this case. *See* Subpoenas, M/Quash, Exhs. A-E. Although the style is confusing, this is the proper format. *See* AO 088 & 088A.[2] As this court is not the issuing court, it follows therefore, that it lacks authority to act upon the subpoenas. *See* Fed.R.Civ.P. 45(c)(3)(A) ("the issuing court must quash or modify a subpoena . . ." and Rule 45(c)(3)(B) ("the issuing court may on motion, quash or modify the subpoena . . .");

---

[2] The forms can be found on the court's website, http://www.lawd.uscourts.gov/Court_Operations/Forms/forms.html.

*Ass'n of Am. Physicians & Surgeons, Inc. v. Texas Med. Bd.*, 5:07CV191, 2008 WL 2944671 (E.D. Tex. July 25, 2008) (motions to quash and protective order denied because only the issuing court has power to act on its subpoenas).[3] Accordingly,

The composite motion to quash and for a protective order [doc. # 38] filed by defendants, Smurfit-Stone Container Enterprises, Inc., Glen Barnes, and Gary Mosley, is hereby **DENIED**.

IT IS SO ORDERED.

THUS DONE AND SIGNED at Monroe, Louisiana, this 2nd day of September 2010.

> KAREN L. HAYES
> U. S. MAGISTRATE JUDGE

---

[3] To the extent that defendants remain concerned about the impending production deadlines set forth in the subpoenas, the court observes that the nonparties may simply serve plaintiff with written objections to the subpoenas, and thereby suspend their obligations to comply with the subpoenas. *See* Comment 45-21 to Fed.R.Civ.P. 45. Alternatively, a nonparty's failure to obey a subpoena "must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).