UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| TOMAS HODNETT | CIVIL ACTION NO. 09-1256 |
| VERSUS | JUDGE ROBERT G. JAMES |
| SMURFIT-STONE CONTAINER ENTERPRISES, INC., ET AL. | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court is Defendants' "Appeal of the Memorandum Order Issued by Magistrate Judge Under Rule 72(a) and LR 74.1 (W) and for Expedited Consideration and Sanctions/Costs" ("Appeal of the Memorandum Order"). [Doc. No. 41]. Defendants appeal Magistrate Judge Karen L. Hayes' Memorandum Order [Doc. No. 39] denying in part and granting in part Defendants' "Motion to Quash and Motion for Protective Order and for Expedited Consideration" [Doc. No. 38]. Defendants also seek sanctions and costs related to their efforts to quash the allegedly improperly issued subpoenas. For the following reasons, Defendants' Appeal of the Memorandum Order is DENIED.

## I. INTRODUCTION

Plaintiff Tomas Hodnett filed a civil rights action under 42 U.S.C. § 1981 on July 28, 2009, against the four Defendants in this case: his employer, Smurfit-Stone Container Enterprises, Inc. ("Smurfit-Stone"); Smurfit-Stone's Human Resources Director, Glen Barnes ("Barnes"); his supervisor, Garry Mosley; and Union Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union on Behalf of Local 1505. Hodnett alleges that he was subjected to a racially hostile work environment and retaliation.

In the discovery phase of this case, Hodnett issued subpoenas to four nonparty businesses, which allegedly employed Barnes in the past, requesting the production of documents or things. [*See* Doc. Nos. 41-2 to 41-6]. Hodnett sought documents and records related to Barnes's employment with the nonparty businesses, as well as copies of "employment related lawsuits" filed against the businesses. *Id.*

On August 31, 2010, Defendants filed a Motion to Quash and Motion for Protective Order and for Expedited Consideration, seeking, among other things, to quash the nonparty subpoenas and obtain a protective order. [Doc. No. 38]. On September 2, 2010, Magistrate Judge Hayes denied Defendants' Motion to Quash and Motion for Protective Order and granted Defendants' Motion for Expedited Consideration. [Doc. No. 39]. On September 7, 2010, Defendants filed their Appeal of the Memorandum Order, arguing that the Magistrate Judge erred by finding that this Court lacked authority "to act upon the subpoenas," and requesting "sanctions and costs associated with their efforts to quash the improperly issued subpoenas as plaintiff's counsel exceeded his authority." [Doc. No. 41-1]. On September 29, 2010, Hodnett filed a Memorandum in Opposition to Appeal from Magistrate's Ruling. [Doc. No. 53]. Defendants did not file a reply.

II.  **LAW AND ANALYSIS**

Under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), the Court reviews a magistrate judge's ruling on a non-dispositive matter only to determine whether it is clearly erroneous or contrary to law.

Defendants appeal Magistrate Judge Hayes' ruling on the basis that the Court had the authority to grant Defendants' Motion to Quash and Motion for Protective Order. In the Memorandum Ruling, Magistrate Judge Hayes found that, because Hodnett did not issue the

subpoenas from this Court, this Court lacked the authority to quash or issue a protective order regarding the subpoenas. [*See* Doc. No. 39, p. 2]. The Magistrate Judge noted that Hodnett "issued the subpoenas in the respective districts where the non-parties are located, and included thereon (beneath the caption of the issuing court) the caption from this case. Although the style is confusing, this is the proper format." *Id.* (citing subpoena forms provided on the website for the United States District Court for the Western District of Louisiana).[1]

The Court finds that the Magistrate Judge's Memorandum Ruling was neither clearly erroneous nor contrary to law. The Federal Rules of Civil Procedure do not specify the manner in which an attorney denotes the issuing court of a subpoena. However, the forms used by this Court (which are the standard forms used by the federal district courts) list the issuing court on top of the form and the caption of the case below, along with the district in which the matter is pending, if different from the issuing court.[2] Hodnett's subpoenas closely resemble the form of the generic subpoenas.

Hodnett's subpoena to nonparty Raytheon Company, whose business address is in Waltham, Massachusetts, lists the United States District Court for the Eastern District in Boston, Massachusetts, at the top of the subpoena with the caption of this case and this Court's name listed below. [Doc. No. 41-2]. Hodnett's subpoena to nonparty Philips Emergency Lighting, LLC, whose

---

[1] Links to the forms can be found on this Court's website. United States District Court for the Western District of Louisiana, Forms, http://www.lawd.uscourts.gov/Court_Operations/Forms/forms.html (last visited Oct. 25, 2010).

[2] See Form AO 88B, Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO088B.pdf (last visited Oct. 25, 2010).

business address is in Collierville, Tennessee, lists the United States District Court for the Western District of Tennessee, Western Division, at the top of the subpoena with the caption of this case and this Court's name listed below. [Doc. No. 41-3]. Hodnett's subpoena to nonparty Textron, Inc., whose business address is in Providence, Rhode Island, lists the United States District Court for the District of Rhode Island, at the top of the subpoena with the caption of this case and this Court's name listed below. [Doc. No. 41-4]. Hodnett's subpoena to nonparty MasterBrand Cabinets, Inc., whose business address is in Jasper, Indiana, lists the United States District Court for the Southern District of Indiana, Evansville Division, at the top of the subpoena with the caption of this case and this Court's name listed below. [Doc. No. 41-5].

Based on the template generally used in federal district courts, Hodnett represented that the subpoenas were issued by his lawyer, Nelson W. Cameron, on behalf of the courts listed at the top of each subpoena.

Defendants argue that the circumstances under which a lawyer can issue a subpoena on behalf of a court where the lawyer is not authorized to practice were not met by the facts of the current case. Defendants point out that since the subpoenas specify that the requested documents be produced in Shreveport, Louisiana, only the United States District Court for the Western District of Louisiana could properly issue the subpoena pursuant to Federal Rule of Civil Procedure 45(a)(3). That rule provides, in pertinent part:

[a]n attorney . . . may issue and sign a subpoena as an officer of:

(A) a court in which the attorney is authorized to practice; or

(B) a court for a district where a deposition is to be taken or production is to be made, if the attorney is authorized to practice in the court where the action is pending.

4

Hodnett's attorney, who signed the subpoenas, was admitted to practice before the United States District Court for the Western District of Louisiana. Under Rule 45(a)(3), he could have issued a subpoena as an officer of the respective federal district courts in Massachusetts, Tennessee, Rhode Island, and Indiana, but only if production of the documents was to be made in those districts. Since production was to be made within the territory of the United States District Court for the Western District of Louisiana, and Hodnett's attorney has only represented that he is admitted to practice in the Western District, Defendants argue that the Court should construe the subpoenas as being issued from this Court. If Defendants' argument is valid, then this Court has the power to quash and/or issue a protective order regarding the subpoenas.

The Court is not persuaded. Although Defendants' position, rooted in the text of Rule 45(a)(3), may establish that this Court could be the only *proper* issuing Court, that does not mean that this Court was *in fact* the issuing Court. In order to possess the power to quash and/or issue a protective order regarding the subpoenas, this Court must have in fact been the issuing court. *See* FED. R. CIV. P. 45(c)(3).

Defendants also argue that because the subpoenas did not have a new civil action number or a miscellaneous filing number, they could not have been issued by other courts. Defendants cite no authority for this proposition. Instead, Defendants imply that without a new civil action number or miscellaneous filing number, the subpoenas could not have been issued from the other courts and, therefore, must have been issued from this Court.

The form provided by the federal district courts only requires an original civil action number, which appears below the issuing court's name. Below the space provided for the original civil action number is a space to list the district in which the action is pending, if different from the issuing court.

5

In short, the generic form provides for only one civil action number, not multiple civil action numbers, even if the court in which the action is pending differs from the issuing court. The *Federal Civil Rules Handbook* states that, "[i]f the subpoena is issued from a court other than that where the action is pending, it is not necessary to open a new action with a miscellaneous docket number in the court issuing the subpoena unless it becomes necessary to move to enforce the subpoena." FEDERAL CIVIL RULES HANDBOOK: 2010, at 948 (West 2009). Thus, Defendants' argument is not persuasive.

The Magistrate Judge ruled that the subpoenas were issued on behalf of the federal district courts in Massachussetts, Tennessee, Rhode Island, and Indiana. Based on the foregoing analysis of the Federal Rules of Civil Procedure and the standard forms used to implement those Rules, the Court finds that the Magistrate Judge's Memorandum Order is not clearly erroneous or contrary to law. Because this Court did not issue the subpoenas, it does not reach Defendants' request that sanctions and costs be imposed as a result of the improperly issued subpoenas or Defendants' arguments that the subpoenas were substantively and procedurally defective.

### III. CONCLUSION

For the foregoing reasons, the Court finds that Magistrate Judge Hayes' Memorandum Order [Doc. No. 39] was neither clearly erroneous nor contrary to law. Accordingly, Defendants' Appeal of the Memorandum Order [Doc. No. 41] is DENIED.

MONROE, LOUISIANA, this 28th day of October, 2010.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE